May it please the Court. You sort of have to look at your watch. We need your name for the record, please, since we're making an audio recording. John Hanson for Appellant. Thank you. You sort of have to look at your watch on the state of the law for this appeal since we've been filed. There have been some notable decisions that came out. The one that I would like to start off with is the November 23, 2011 decision in the Court of Appeals called Sanchez v. Valencia. Notably, this is a decision that was initially issued, a case that was decided on October 4, and then a new re-hearing was granted and a new opinion came out. We brought that decision to the Court's attention through a request for notice of supplemental authority that was filed just a matter of days ago. So it's the November 23 version of the Sanchez v. Valencia decision that I'll be discussing, which is the same in result. It is slightly more detailed than the original opinion. The Court in Sanchez v. Valencia was dealing with the exact same arbitration clause that we have on Appeal and Smith. And coincidentally, the Sanchez decision actually cites the district court opinion in Smith as part of its analysis of unconscionability. The Sanchez v. Valencia court held that this very arbitration provision is unconscionable for reasons independent of the class action waiver that's included in the arbitration clause. Now, did you make any of the arguments that Sanchez made? We did. So we pursued, since the beginning, a three-part attack on the arbitration clause. The first was through the Discover Bank line of authority. The second was through Gentry and the effective vindication of statutory rights. And the third was an attack on the arbitration's non-class provisions, including most specifically the injunctive relief provisions of the arbitration, how they deal with that, how they effectively ban that form of relief. Overall, the attack in Gentry is parallel to the Sanchez analysis because it deals with a holistic approach towards the arbitration clause and its real-world effects. Judge Warden, the last question is a crucial one here. In Sanchez, they found this clause unconscionable for several reasons. I want to make sure I understand your answer. Did you make those same arguments, those same reasons in the district court in this case? We rose – there isn't an exact mesh. So what we talked about was the effect of this. Particularly, we did raise the key point in Sanchez, which was that effectively there's a ban on the remedies for the consumer, which are important, which is injunctive relief. So that's – and then we also raised the issue of prohibitive costs, which is the second most important element in the Sanchez analysis. We would also say that to the degree that there's any difference, we obviously didn't have the benefit of the Sanchez decision at that time. We did raise these issues in our appellate briefing as well. Prior to Sanchez coming up, we reemphasized those issues on appeal again. Well, I'm wondering if you have properly raised these in the district court. My answer would be yes, and to the degree that there might be any discrepancies that those are issues purely of law. On the unconscionability analysis, which has two prongs, the procedural and the substantive, the court already found all the factual matters regarding procedural unconscionability in our favor in the district court. So it's simply a question about the legal effect of just looking straight at this arbitration clause. And there is no difference in the facts between what was presented to the district court in terms of the arbitration clause and what was appearing in Valencia. It's the same clause used in the same form. Well, it's the same clause, but what I'm getting at is the argument you made in district court seems to have been the same argument that was rejected in Arguelles. Is that right? No. Arguelles-Romero was primarily dealing – well, it dealt to some degree with the Gentry analysis, but it was primarily focused on Discover Bank and sent the Gentry, the second prong of our attack analysis, back to the district court. In a footnote, they did mention what they saw. There was apparently in the reply brief, there was some issue about a mention of the small claims, how they handled small claims cases in the arbitration clause. And the court said, look, the amounts involved in Arguelles-Romero are outside of the small claims issue. It's irrelevant. And therefore, we see this clause generally to the degree it's been raised as okay. Sanchez does much more detail and deals with all the different factors holistically like the Armendariz case requires. If we were to agree with you that Sanchez changes the landscape, should we not then just send it back to the district court and say reconsider in light of Sanchez? I think that would be a viable option. However, I do see this as really a question of an issue of law. Because the arbitration clause is no different in this case, it's verbatim the same as it is in Sanchez. We already have determination about where we're going to go. So to the degree that there's any other factual bills, the court could find those one way or the other on appeal. The district court already found procedural unconscionability. So we're really just dealing with the aspect of the substantive. Which is seen as a question of law appropriate for appeal or appellate decision, I should say. What case do you have that supports that? You can address appellate issues. The cases that I would cite and... In Ray Mercury Interactive Corporation Securities litigation, which is 618 F3rd 988, pinpoint site 992, 9th Circuit, 2010. That case says what? That case lays out the general recognized reasons for, in case there was an issue about what was raised in the district court, as opposed to what we're going to deal with on appeal. If there was any argument about waiver, that lays out the three different exceptions. One being a change in the law. Two being when the issue presented is purely one of law and either does not depend on the factual record developed below or the prudent record has been fully developed. Let me ask you, when you started out you said watch our clock because things keep changing. I think you're absolutely right about that. It's kind of hard to figure out where we are at any given moment on this case. We have Arguelles, then we have Sanchez, both from the California Court of Appeal. Would there be any reason why we ought to ask the California Supreme Court to weigh in on this? Well, I think the California Supreme Court has made pretty clear how they stand. If you look at the Little v. Otto Stiegler case, which forms a large portion... They seem to stand at odds with the U.S. Supreme Court. They do seem to stand at odds with the direction, at least, of the U.S. Supreme Court, although that court has not considered this identical arbitration clause. Well, what we would say is that they really don't, in the sense that there's a long line of U.S. Supreme Court of their authority, Mitsubishi, the Mitsubishi case that we cite, Gilmer and others, that says, look, if you've got an arbitration provision that effectively will not allow you to vindicate statutory rights, you're not going to be sent to that arbitration provision. Let me ask you something. There's a finding by the district court that basically on the substantive unconscionability prong that you sued the wrong party, if you're going to argue that, because the parties to the contract were Plaintiff and McKeon Motors, not AmeriCredit. How do you respond to that? Well, I'm not sure if I fully understand the question. Well, in ruling that there was no showing that the arbitration clause is substantively unconscionable, the district court says that your focus on the actions of the defendant misses the mark because the parties to the contract were McKeon and not AmeriCredit. How does that affect the decision, even under Sanchez, were we to apply it? You apply the unconscionability analysis based upon the time of contracting. And the contract itself, which is part of the record, has been ñ it applies to groups like AmeriCredit. That's how they've invoked it. They've said, look, it's the dealership and their assigns, and that's how the financing ñ it's initially the dealership that's the creditor who then, as a matter of course, assigns it out to a third-party financial institution. You're saying they stand in the shoes of McKeon? That's right. In fact, there are specific provisions in the contract under California law that says you take this contract subject to all claims and defenses of the initial contractor. Okay. Do I have any ñ we have four minutes left. We've got four minutes left. Reserve it? I would like to reserve this for reply. Thank you. Thank you very much, Mr. Chairman. Good morning, Your Honor. May it please the Court. Robert Stumpf for AmeriCredit. I'm here with my partner, Peter Hecker, and the case below. On April 27th, the U.S. Supreme Court changed the world with Concepcion. Two weeks later, we filed a motion for summary affirmance in this case because we thought it was as clear as day that Concepcion dictates the result in this case. My opponent didn't respond to the motion until the court issued an order to show cause. I think that's telling. Unless I'm missing something in the flow of the argument, the unspoken premise here is that but for Sanchez, this would be a very easy case. And actually, I think it's a very easy case because Sanchez doesn't change the world anywhere near like the way Concepcion did. And I've got several reasons for that. Number one, Sanchez isn't even final yet. Under California state court practice, it won't become final until 30 days after November 28th, I believe, but it's not final at this five minutes. That's the first reason. The second reason is this court certainly isn't bound by ñ Counsel, if that's the case, we should just sit on this for 30 days? No, Your Honor. I don't think you need to do that. That was only the first reason. He's got better reasons coming, I think. But if that turned out to be a very good reason, should we sit on it for 30 days? Well, if nothing else, you should. I mean, at a minimum, you should do that. But I don't think you need to do that. I think the first questions I heard from the persons ñ judges here in court will dispose of this issue. There was a clear waiver in this case. This is not a Mercury Motors case. But in any event, first reason, it's not even final yet, and I happen to have some knowledge there's going to be a petition for review file. That certainly wouldn't surprise anybody. Okay, that's the first reason. Well, I guess that relates to Judge Silverman's question about whether we should certify it, certify the question. I don't think you need to, Judge Wardlow. I mean, I think too much attention is being lavished on an issue which wasn't raised below, either in the trial court or in the court of appeal. So this is a classic waiver situation, classic. Well, I don't know if I agree with you on that, given the exceptions to the waiver rule. Let me see if I can persuade you. If you look at the second page of the Lexis opinion from the district court, the district court summarizes the arguments that Mr. Hanson made below. I made note of those because I thought I might need them for this morning. Number one, as he said, they argued gentry. That was their lead argument. It's their lead argument on this appeal. Number two, they argued Discover Bank. They say that on the appeal. The third argument was that the sales act that brings us together today has a class action waiver and that somehow that doesn't have a class action waiver, hence that makes a difference. Number four, they're not urging that on this appeal. Number four, they're saying that the arbitration organizations that were named in the arbitration clause are no longer in existence. And, of course, they're not urging that on this appeal either. And finally, Mr. Hanson is right. They did make an argument that claims for injunctive relief under the unfair competition law are exempt from arbitration under a line of California cases called Cruz and Groten, which I'm going to be arguing tomorrow in San Francisco. But they're not urging that on this appeal. And so very carefully, I went back and I read the briefs, the opening brief and the reply brief. They make two arguments. The class action waiver is invalid under gentry. They were trying to get away from Discover Bank. And they also argue that it's invalid under Discover Bank. They don't say anything about sort of procedural or substantive unconscionably outside the domain of the class action waiver, that that issue could have been raised. And we have Amendaras, a case from the California Supreme Court that's been around for 15 years. It's true. In their statement of facts, they cite some of the facts of this arbitration provision. There's no argument, not one word. They could have made that argument. That's not a new argument. They say Amendaras has been around since 1985, I believe. If they wanted to make that argument, they could. And they didn't. I mean, that's a waiver. But there's still further things. You're obviously not bound by Sanchez. It's an opinion from the Intermediate Court of Appeal of the state of California. We have Arguellas-Romero, which says that the arbitration clause in question, the very arbitration clause, as Mr. Hanson would put it, is clearly bilateral and not unconscionable. Which case says that? This is the Arguellas-Romero. We're not bound by that one either. What I'm saying is there's no guidance that you need to defer to. This isn't the California Supreme Court. That's why I asked. Why should we certify? Well, because two reasons. The principal reason is there's a waiver. There's another reason, which is a little more arcane, which I would like to favor the court with. The court in Sanchez applied the wrong legal standard in mentioning unconscionability. And that's important when we get to the issue of preemption. Which district is Sanchez out of and which district is Arguellas out of? Arguellas is out of the second. And Sanchez? Sanchez is out of the third. I think it's the second as well. Is it both the second district? Yes, Your Honor. Okay. To pursue this last point, which is important, given Concepcion. There was a split in authority in Sanchez. There were the two judges and the concurring and impartial judge. The majority said, well, this arbitration clause is unreasonably one-sided. The third justice said, well, it's unfairly one-sided. Notably, neither of those judges said that this clause shocks the conscience. That's the standard that California applies to contract provisions outside arbitration. What Concepcion says and what Section 2 of the FAA says is you have to apply the same standard to contracts outside arbitration and inside arbitration. Let me ask you a hypothetical question. Suppose we were to certify it and the question were, just as you just phrased it, is this contract unconstitutional apart from the arbitration provision? Or however you just put it exactly. And suppose the California Supreme Court said, yes, it is. Then what? If the California Supreme Court said that the matter was unconscious, well, you probably would, you know, let me think about that for a minute. I would argue on appeal to this court, that is further to this court, that the California Supreme Court was wrong because the finding by the court of appeal was not shocks to conscience. I get back to my. But, I mean, they may be right, they may be wrong, but they're supreme. I mean, if they are the last arbiters of California law and if they say this clause is unconscionable apart from the arbitration provisions, isn't that the end of it? With respect, Judge, the answer is no. The Ninth Circuit is the arbiter subject only to the Supreme Court on matters of federal law. I'm talking about as a matter of state law. Yes. This would be California law. And then the question is, is California law preempted? Get back to the, you know, where we started. It isn't under preemption law. If the contract is unconscionable as a matter of state contract law apart from the arbitration, then it's not preempted. Isn't that right? That's a carve-out from the usual rule about preemption. Well, it would depend on how the Supreme Court phrased its argument. Right. That's why I said I think answer the question precisely as you posed it. Sorry, Your Honor. If they determine that the contract is invalid as a matter of state law apart from arbitration, then it wouldn't be preempted. Depends on how they get there, Your Honor. Because if they apply a different rule to an arbitration clause than they did to contracts outside arbitration, the clause has to shock the conscience. Right. They say it does. They say it does. And that's the law. If they say it does. Well, I guess I don't know. I have to think about that. This clause doesn't shock the conscience. That's my problem. It doesn't shock your conscience. It might shock your conscience. We could talk about the merits. I don't know how far that's going to get us. But clearly, this is. I mean, it shocked. Something shocked the Court of Appeal. If you go back to the Sterling v. Supercus, Justice Klein's wonderful opinion that was cited by a number of courts. It doesn't. One-sidedness. A little one-sidedness is not a problem. And here, in this case, it's really not that bad. The carve-out is only for repossession and small claims things. That's the first thing. Secondly, appeal. Well, counsel, repossession is pretty critical, and that's what happened here. Well, I guess you're right. Judge, you're right. On the other hand, that's a right that exists outside the judicial system. It's simply a self-help remedy that would be available without regard to anything. But the problem is the deficiency judgment. I mean, that's where people get – that's where it becomes a more critical issue for consumers. Well, that's not carved out, Your Honor. That would be subject to the arbitration provision. But, you know, we can debate the merits of this. It clearly doesn't shock my conscience. But, you know, the Court of Appeal reached the opinion it did. It's not final. There has been a waiver in this case. My concern is that procedurally, where do we go from here with these divergent opinions? Normally we would defer to the highest intermediate court's decision, but here they seem to be in conflict. Yes. And so particularly for that reason, there's no need to defer to it. That's a good reason for not deferring to either one of them, quite frankly. I think the way the Court should decide this case is to find a waiver. I mean, if you're ever going to find a waiver, it's a line of argument that could have been made. It was not made in the district court. It was not made in the district court. It clearly is not made in the Court of Appeal. So they abandon three of the five arguments that they raised in the district court. If you look at their opening five briefs, they make two arguments, Gentry, Discover Bank. There was nothing that precluded them from raising unconscionability. That's not a new thought. It's not like Concepcion. That's been around for a long time. So I think if you understand the court. Well, when there's, you know, a second district opinion right on point on the same clause, it makes me feel a little uncomfortable arguing that the argument that that wouldn't apply because they didn't make the identical arguments as were made in an intervening law. This doesn't sit that well with me. You know, I also think it's problematic with the different districts going different ways. All right. I share your thought. And if the arguments it's the argument as opposed to simply the statement of fact, it's just a little different. Or I think this perhaps is they didn't mesh the same way. And I sort of understand what the argument is. But that's not what we hear. They made five arguments below. Not one of them is Amandara's unconscionable. Go back and read the district court's opinion. She's somewhere. The court summarizes those five arguments on appeal. They're down to two. They didn't make the arguments they could have made. That's as clear an example of waiver as there's going to be. And that's also an important principle. And besides that, Sanchez isn't even final yet. Who knows what will happen? So that's our argument. I think what the court should do, if I can be so bold, is to suggest the disposition. We like it when people tell us what they actually want us to decide. Not that we'll do it, but we like to know what you really what you want. Yeah. Well, obviously, you should affirm. And the reasoning should be two steps. Number one, Concepcion controls this case, just as the Federal Arbitration Act precludes California, preempts California law regarding class-action waivers under Discover Bank. So also does it do the same thing with regard to class-action waivers under Gentry? It follows as the night today. Counsel, I'm a little interested in why you think that Concepcion must control this case. Very good, Judge Fletcher. I think it's very straightforward. What Concepcion said, as I read the opinion, is that a state procedure, namely a class-action, imposing that in arbitration creates three obstacles that frustrate the purpose of the Federal Arbitration Act. It slows the process down. It makes it more expensive, for one thing. It makes it more formalistic because of the class-action overlay and due process rights of non-parties. Number three, it raises the risks for defendants. And for all of those reasons, the Supreme Court said, that frustrates the obstacles of Congress under the Federal Arbitration Act, and thus that state law procedure, class-action, imposing a class-action is preempted. Gentry imposes a class-action procedure. True, it gets there in a slightly different way, but the end result is the same. The state is saying, you have to have class-actions. And what the Supreme Court has said, that poses an obstacle to the FAA. You get there through different roads, but the procedure that was struck down is the same in both cases. I think that, in my mind, it's a pretty straightforward transit. Thank you. So I was getting back to the opinion. You find that first premise that conception controls this case. And the second premise is, you note with interest, that Mr. Smith has raised at the 11th hour and 59th minute the issue of Sanchez. Now, who knows what the situation would be with Sanchez at that point, when you actually write your opinion, but let's assume it's still in place. You should find there has been a waiver of that argument, because there was nothing that precluded Mr. Smith from raising that argument in the district court. And he did not. This is not a new concept of law. There was certainly nothing that precluded Mr. Smith from raising it in this court. The argument's been around, and he did not. It's a waiver. Thank you very much. He's got a point to make. Thank you. Got it. Thank you. Mr. Hanson, you get the last word. Just to quickly respond to Justice Fletcher's question, the arbitration clause in this case is unique, in that it has what we call the poison pill provision, so that if you strike the ban on class actions, the whole arbitration clause falls. There will be no question that the parties cannot be forced into a class arbitration, which is one of the worries of the court in Concepcion. The whole arbitration clause falls, and that's unique to this arbitration clause. I also would suggest that I would want to note, because this is new authority, that Sanchez's case does actually refer and discuss Arguello's-Romero and doesn't find that it's contrary in any way. In fact, says, look, just what I'm repeating to you, is that they are only discussing, they only mention the small claims, the mutuality of the small claims provision, and based on the single facts involved in Arguello's-Romero, so there really isn't any split of authority. I would also want to point out on the waiver issue that counsel is pressing a very strict interpretation of the waiver rules that would effectively scuttle their use of FAA preemption. In the first place, it's an issue that they didn't bring up in the district court. So, you know- I'm sorry, I don't follow what you're saying. America didn't bring up FAA preemption in the district court. They've admitted that. So Concepcion, which is an FAA preemption case under any interpretation of waiver, is out. So they have a problem with pushing the waiver rules that they are wanting to execute because it effectively scuttles their preemption defense, something that wasn't addressed. Well, maybe we should find that both of you have waived on it. I think our issue- That's your argument. I would say this is an important point. They've admitted that they did not raise the FAA in the- There is no dispute. That was not raised in the district court, the FAA preemption. And we did raise the non- We did raise extra non-just Discover Bank issues that dealt with the provisions as a whole, especially the key injunctive relief issue that Sanchez deals with. On the subject of injunctive relief, and as the court noted, the deficiency is really, in this case, really, really the important aspect next to the repossession laws, which- the repossession procedures, which are all preserved for the defendant, the card dealers who drafted this clause. They then kill the consumer's right to injunctive relief. And if you know how deficiencies work, they're reported to the credit bureaus. Let me get back to a question that I asked you before, and the more I'm thinking about it, the more this is kind of catching my eye. I'm wondering, Judge- How do you pronounce this? Sabraw? Sabraw. Sabraw decided the case in February 2009. Concepcion comes down in February 2011. And Sanchez, as Mr. Stump has mentioned, isn't even final yet. I'm wondering why we shouldn't just issue a one-sentence order demanding it to the district court to reconsider in light of all these new developments. Let the court district judge kind of get the first stab at straightening this out. I certainly would say that this would give the parties time to develop their arguments in response to all the changes in authority that seem to- or the new authority that's come out and that Judge Sabraw had not been- he obviously- He could decide what's waived, what's not waived. Those are issues that could be addressed to him. Our point is that the Sanchez- it is appropriate to decide here the effect on this case because procedural unconscionability, which is the only factual issue, was decided in appellant's favor. It was merely the legal aspects, the questions of law regarding substantive unconscionability, which Sanchez has dealt with. That's true, but it wasn't evaluated in the context of preemption. Sanchez did address Concepcion. No, I mean the district judge didn't analyze it in that way. Because Concepcion wasn't even around then. The FAA question was not before the district court, I would agree. Wow. Okay. Thank you. Thank you, Mr. Stumpf. Thank you very much as well. The case just argued is submitted. We'll stand at recess for today. Thank you. Thank you. I don't want- Thank you. Thank you. Thank you. Thank you.
judges: Fletcher, Silverman, Wardlaw